KING, C.J.,
Concurring in Part, Dissenting in Part:
¶ 32. I concur with the majority opinion, except as to the issue of the awarding of attorney’s fees, and therefore, I write separately on that issue. The majority position on this question would seem to be succinctly set forth in the following sentence: “We have concluded that the county court judge did not abuse his discretion in awarding punitive damages to Robert Gordon; thus, we likewise conclude that the county court judge did not abuse his discretion in awarding Gordon attorney’s fees.” Such a statement would seem to imply that where the imposition of punitive damages is found not to be an abuse of discretion, then axiomatically any amount of attorney’s fees awarded cannot be an abuse of discretion. I find myself both unable and unwilling to embrace that position.
¶33. There is no argument that the court having awarded punitive damages to Gordon as the prevailing party on the assault claim was also authorized to award to him reasonable attorney’s fees on that claim. United Am. Ins. Co. v. Merrill, 978 So.2d 613, 636(¶ 117) (Miss.2007) (finding that reasonable attorney fees are justified where the jury awards punitive damages). However, the party requesting an award of attorney’s fees bears the burden of providing evidence to support the amount requested. See Erickson v. Smith, 909 So.2d 1173, 1182(1126) (Miss.Ct.App.2005) (holding that an award of attorney’s fees must be based on credible evidence). In proving his claim for attorney’s fees, Gordon submitted bills from his attorney which totaled, $8,301.25. These bills covered all of the matters contested between Gordon and Russell Puckett in this case. The trial court, which found for Gordon on all of the claims in this ease, awarded Gordon the entire $8,301.25 requested in attorney’s fees. The submitted bills do not differentiate between the time and effort spent on the assault claim and the time and effort spent on the breach of contract claim. Therefore, the full attorney’s bill of $8,301.25 of necessity also included payment for work done in seeking payment of the $17,603.65 breach of contract claim.
¶ 34. While Gordon prevailed in the trial court on the breach of contract claim, he has not prevailed on that claim in this Court. Indeed, this Court has reversed and rendered the award of $17,603.65 to Gordon for breach of contract because Mississippi Code Annotated section 73-59-9-(3)(Rev.2008) specifically bars his pursuit and recovery on the breach of contract claim.
¶ 35. A party who does not prevail on an issue has no entitlement to an award of attorney’s fees for the failed pursuit of that issue. A & F Properties, LLC v. Lake Caroline, Inc., 775 So.2d 1276, 1283 (¶¶ 22-29) (Miss.Ct.App.2000) (finding that “the parties were entitled only to [attorney’s] fees for enforcing the specific contract provisions on which they prevailed”). Gordon did not prevail upon his breach of contract claim; therefore, he was not entitled to recover the attorney’s fees spent in pursuit of that failed claim. To make such *774 an award under these circumstances is by definition an abuse of discretion.
¶ 36. Because I believe this to be an abuse of discretion, I would affirm the decision to award attorney’s fees for the work done solely on the assault claim, and exclude the cost of all work done on the breach of contract claim. To this end, I would return this case to the trial court with instructions to award attorney’s fees only for the work related solely to the assault claim.
LEE, P.J., JOINS THIS OPINION.